IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND FOREMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAGISTRATE JOHN PREBISH, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 3:23-cv-206<br>Judge Stephanie L. Haines<br>Magistrate Judge Keith A. Pesto |

## **MEMORANDUM ORDER**

Presently before the Court is a Complaint filed by *pro se* Plaintiff, Raymond Foreman ("Plaintiff") (ECF No. 5) alleging claims against Magisterial District Judge John Prebish ("Magistrate Judge Prebish"); Attorney Arthur McQuillan ("Attorney McQuillan"); State Trooper Ferguson ("Trooper Ferguson"); and State Police Officer Matchick ("Officer Matchick") (collectively "Defendants"). Plaintiff's Complaint concerns events that occurred on May 19, 2022, for which Trooper Ferguson filed a criminal complaint at the office of Magistrate Judge Prebish; Plaintiff was represented by Attorney McQuillan during the trial proceedings related to the criminal complaint. (ECF No. 5 at 5); *see Commonwealth of Pennsylvania v. Foreman*, No. CP-11-CR-0000625-2022 (C.P. Cambria Cnty. 2022).

At the time of filing this lawsuit, Plaintiff was a pretrial detainee. (ECF No. 5 at 4). He alleges that he was wrestled to the ground by Officer Matchick and Trooper Ferguson after he was falsely accused of punching and spitting "chew spit" on his then-girlfriend. (*Id.* at 5). He further alleges he was not allowed to see paramedics despite injuries he sustained in this incident. (*Id.*).

This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. Magistrate Judge

1

Pesto screened Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed without leave to amend for failure to state a claim. (ECF No. 7).

### A. Standard of Review

The Prisoner Litigation Reform Act ("PLRA") requires courts to screen complaints brought by prisoners in all *in forma pauperis* cases and to dismiss cases that are frivolous or that fail to state a claim on which relief may be granted.[1]  28 U.S.C. §§ 1915(e)(2), 1915A; and 42 U.S.C. § 1997e(c)(1); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). These statutes require the Court to review the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious or fail to state a claim upon which relief may be granted. "[A] complaint…is frivolous where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The legal standard for dismissing a complaint under these statutes for failure to state a claim is identical to the legal standard used when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *see also D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72-73 (3d Cir. 2011).

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint, including one filed by a *pro se* litigant, must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Applying this standard, a court must reject legal conclusions

---

[1] *See* ECF No. 1, Plaintiff's Motion for Leave to Proceed *in forma pauperis*. Memorandum Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 4).

unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678-79 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id.* at 679. Nevertheless, because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.

### B.   Discussion

Pursuant to 42 U.S.C. § 1983, Plaintiff asserts that Defendants violated his Due Process rights under the Fourth and Fourteenth Amendments by fabricating evidence against him, subjecting him to malicious prosecution, and arresting him with a "lack of material evidence." (ECF No. 5 at 3-4). Plaintiff claims that the Defendants infringed upon his Due Process and Sixth Amendment rights and 28 U.S.C. § 2254.[2] He seeks 8 million dollars in damages for lost wages, property, mental anguish, personal hardships, false imprisonment, and defamation of character. (*Id.* at 5). The Court dismisses all of Plaintiff's claims with prejudice. To the extent Plaintiff attempts to raise state law claims for false imprisonment and defamation, the Court declines to address those as the Court will dismiss all of Plaintiff's federal claims and will not assert supplemental jurisdiction over these state law claims.[3] *See* 28 U.S.C. § 1367(c)(3) (stating a

---

[2] Plaintiff's claims for violation of his Sixth Amendment rights and for violations of 28 U.S.C. § 2254 are dismissed with prejudice. It is unclear what Sixth Amendment violation(s) Plaintiff is alleging. To the extent he is alleging an ineffective assistance of counsel claim, such a claim is barred in this civil rights proceeding. *See, e.g., Introcaso v. Meehan*, 338 F. Appx. 139, 142 (3d Cir. 2009) (affirming the order of the district court where the court found that "ineffective assistance of appointed counsel in representing a defendant is not actionable under § 1983"). Additionally, habeas claims pursuant to 28 U.S.C. § 2254 are not appropriate in civil rights actions. Therefore, the Court declines to address Plaintiff's claim pursuant to 28 U.S.C. § 2254.

[3] Further, Plaintiff does not allege facts in support of any claim, federal or state, and thus he is unlikely to succeed in

district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.").

Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 7) recommending that Plaintiff's Complaint (ECF No. 5) be dismissed in its entirety without leave to amend. Plaintiff was advised of the fourteen-day time period to file objections to the Report and Recommendation. (ECF No. 7 at 4); *see* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2.

Since the issuance of the Report and Recommendation, Plaintiff has corresponded with the Court several times. (ECF Nos. 9, 10, 11, 12). In these letters, Plaintiff explains that he served time for and was exonerated for the crimes he was accused of related to this lawsuit.[4] (ECF No. 9). He also updated the Court as to his new address, explained that he intended to file this case after the outcome of a superior court appeal, and informed the Court that he believed his mail was being tampered with at the Bedford County Correctional Facility. (ECF Nos. 10-12). He also requested an in forma pauperis application, which the Court mailed to him on May 27, 2025. (ECF No. 12). None of these letters contain any objections to Judge Pesto's Report and Recommendation.

Upon review under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept the findings and recommendations of Magistrate Judge Pesto.

Plaintiff's Complaint relates to events that occurred on May 19, 2022, and resulted in criminal proceedings culminating in Plaintiff's conviction and subsequent sentence. (ECF Nos. 5

---

state court.

[4] Plaintiff attaches no evidence of his exoneration. In fact, it appears Plaintiff's judgment of sentence was affirmed by the Superior Court of Pennsylvania. *See Commonwealth v. Foreman*, 313 A.3d 187 (Pa. Super. Jan. 18, 2024).

at 5; 7 at 2). Plaintiff was convicted of disorderly conduct and harassment before the Court of Common Pleas of Cambria County, Criminal Division, where he was represented by Attorney McQuillan through his sentencing in December 2022. *See Commonwealth v. Foreman*, No. CP-11-CR-0000625-2022 (C.P. Cambria Cnty 2022). Plaintiff directly appealed his judgment of sentence to the Pennsylvania Superior Court, where it was affirmed on January 18, 2024. *Commonwealth v. Foreman*, 313 A.3d 187 (Pa. Super. Jan. 18, 2024). There is no indication that Plaintiff has appealed that decision.

### 1. Claims against Attorney McQuillan

The Court dismisses all claims against Attorney McQuillan with prejudice. A claim for violations of civil rights under 42 U.S.C. § 1983 can only be sustained if a defendant has deprived a plaintiff of a federal constitutional or statutory right while acting under color of state law, i.e. the defendant is a state actor. If the record does not reflect that the defendant acted under the color of state law when engaged in the alleged misconduct, then the claim under Section 1983 fails as a matter of jurisdiction, *see Polk Cnty v. Dodson*, 454 U.S. 312, 315 (1981), and there is no need to determine whether a federal right has been violated. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

Attorney McQuillan is an improper defendant for claims brought under Section 1983 as he is not a state actor. It is well established that an attorney acting on behalf of his client is not a state actor for purposes of a Section 1983 claim. *See Coulter v. Allegheny Cnty. Bar Ass'n*, 496 F. Appx. 167, 169 (3d Cir. 2012) (per curiam) (concluding that none of the named defendants, including an attorney and his law firm, were state actors for the purposes of Section 1983). Here, the docket reflects that Attorney McQuillan is a private attorney who represented Plaintiff through his sentencing. *See Commonwealth of Pennsylvania v. Foreman*, No. CP-11-CR-0000625-2022

(C.P. Cambria Cnty. 2022). Accordingly, the Court will dismiss with prejudice Plaintiff's claims against Attorney McQuillan.

### 2. Claims against Magistrate Judge Prebish

Further, the Court dismisses with prejudice all claims against Magistrate Judge Prebish. Judges are entitled to judicial immunity, which is immunity from suit, not just from ultimate assessment of damages. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). This immunity can be overcome in only two sets of circumstances: (1) when a judge takes nonjudicial actions; and (2) when a judge takes actions in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991). Here, Plaintiff generally alleges that he was subject to malicious proceedings before Magistrate Judge Prebish that resulted in his sentencing and imprisonment. (ECF No. 5). Plaintiff does not allege that Magistrate Judge Prebish took any nonjudicial actions or that he took any action without jurisdiction. Accordingly, the Court dismisses with prejudice Plaintiff's claims against Magistrate Judge Prebish as they are barred by the doctrine of judicial immunity.

### 3. Claims against Trooper Ferguson and Officer Matchick

Plaintiff's remaining claims are against Trooper Ferguson and Officer Matchick for malicious prosecution, fabrication of evidence, and false imprisonment based on arrest without probable cause. The Court construes these claims as alleging violations of the Fourth Amendment and Fourteenth Amendment Due Process Clause and dismisses these claims with prejudice for the reasons stated herein.

Although malicious prosecution is a state law tort, such a claim can be brought under a Fourteenth Amendment theory. The Third Circuit Court of Appeals has not yet explicitly answered the question of whether there is a right to be free from malicious prosecution under the Fourteenth Amendment Due Process Clause, but it has explained that a malicious prosecution

claim may include conduct that violates the "procedural due process clause." *Torres v. McLaughlin*, 163 F.3d 169, 173 (3d Cir. 1998); *see also Washington v. Hanshaw*, 552 F. Appx. 169, 174 n.3 (3d Cir. 2014) (citing *Albright v. Oliver*, 510 U.S 266, 275 (1994)). Here, Plaintiff alleges that Defendants fabricated evidence and maliciously prosecuted him, which sounds in a Fourteenth Amendment malicious prosecution claim. *See Hicks v. City of Phila.*, No. 22-977, 2023 WL 5278713, at *8 (E.D. Pa. Aug. 16, 2023) (noting that a malicious prosecution claim could be grounded in the Fourteenth Amendment and encompass misdeeds that occur during and after trial and finding that malicious prosecution claims under the Fourteenth Amendment were not "categorically unavailable"). At its core, "malicious prosecution . . . remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Wallace v. Kato*, 549 U.S. 384, 390 (2007) (emphasis in original).

Further, the United States Court of Appeals for the Third Circuit has explained that a stand-alone claim for fabrication of evidence under Section 1983 based on the Fourteenth Amendment can exist if there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted. *See Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3d Cir. 2014). Such a claim requires a plaintiff to plead that evidence was fabricated, that the evidence was used against him at trial resulting in this conviction, and that "there is a reasonable likelihood that, without the use of that evidence, the [plaintiff] would not have been convicted." *Id.* at 294-95.

False imprisonment claims brought pursuant to Section 1983 also can be "based on the Fourteenth Amendment protection against deprivations of liberty without due process of law." *Groman v. Twp. Of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (citation omitted). Section 1983 "creates a species of tort liability" which is governed by the applicable tort's elements as articulated under the common law. *Heck v. Humphrey*, 512 U.S. 477, 483 (1994) (internal

quotations and citations omitted). Pursuant to the common law, a claim for false imprisonment consists of "arrest or restraint without adequate legal justification." *Forgione v. United States*, 202 F.2d 249, 252 (3d Cir. 1953).

Additionally, Plaintiff's claims for malicious prosecution, fabrication of evidence, and false imprisonment require that Plaintiff show that his underlying criminal conviction is invalid. *See Heck*, 512 U.S. at 486-87. *Heck* bars Section 1983 actions that implicate the validity of an underlying conviction unless the conviction has been invalidated. *Id.* at 487. *Heck* instructs courts to determine

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* (emphasis in original). These claims necessarily imply the invalidity of the underlying conviction and are thus *Heck* barred until the underlying conviction is overturned. *See Ortiz v. New Jersey State Police*, 747 F. Appx. 73, 77-78 (3d Cir. 2018) (stating "Ortiz's claims that the defendants fabricated and suppressed evidence are barred by *Heck* because success on those claims would necessarily imply the invalidity of her conviction."); *Hector v. Watt*, 235 F.3d 154, 155-56 (3d Cir. 2000) (citing *Heck*, 512 U.S. 477) (requiring invalidity of the underlying conviction to succeed with a malicious prosecution claim in a Section 1983 action); *Rodriguez-Isona v. Guarini*, No. 05-69, 2005 WL 2850367, at *2 (E.D. Pa. Oct. 28, 2005) (citing *Heck*, 512 U.S. at 489) (stating "[a] suit for damages based on an allegedly unconstitutional conviction and confinement is not, however, cognizable under § 1983 unless and until the conviction is invalidated.").

Here, Plaintiff's claims for malicious prosecution, fabrication of evidence, and false

imprisonment fail because he does not plead facts plausibly alleging these claims and his underlying criminal conviction is valid. While Plaintiff alleges that he has been "exonerated," he provides no evidence of this, and court records show that the Superior Court of Pennsylvania affirmed his judgment of sentence. (ECF No. 9); *Foreman*, 313 A.3d 187. Further, Plaintiff did not seek allowance of appeal in the Supreme Court of Pennsylvania and his time to do so has expired. *See* Pa. R.A.P. 903(a) (stating appeals must be taken within 30 days from the entry of the appealable order); *Foreman*, 313 A.3d 187 (showing his judgment of sentence was affirmed on January 18, 2024).

Additionally, Plaintiff's Complaint plainly shows that there was probable cause for his arrest such that his Fourteenth Amendment claim for false imprisonment and Fourth Amendment claim for arrest without probable cause cannot stand. Plaintiff avers that the police were called to his location due to arguing and that, upon their arrival, Plaintiff's then-girlfriend stated to Officer Ferguson that Plaintiff spit "chew spit" on her several times and punched her with a closed fist. (ECF No. 5 at 5). While Plaintiff alleges that there was "no evidence" proving his then-girlfriend's statements, his allegations clearly show that there was probable cause for his arrest. *See Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (1995) (stating "probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."). Moreover, the Superior Court of Pennsylvania rejected Plaintiff's claim that there was insufficient evidence for his conviction. *See Foreman*, 313 A.3d 187.

4. **Conclusion**

For the aforementioned reasons, the Court dismisses all of Plaintiff's claims with

prejudice.[5] The Third Circuit instructs that "if a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Here, as shown above, amendment would be futile because the named defendants are either not proper defendants for such claims or there are no facts upon which Plaintiff could recover.

An appropriate Order follows.

## ORDER

AND NOW, this 24th day of November, 2025, IT IS ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 7), is adopted, as supplemented, as the Opinion of the Court and;

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 5) is hereby DISMISSED WITH PREJUDICE.

DATE:

Stephanie L. Haines
United States District Judge

**Notice by US Mail to:**

Raymond Foreman
22-01430
Bedford County Correctional Facility
425 Imlertown Road
Bedford, PA 15222
Pro Se

---

[5] As the Court finds that Plaintiff failed to plausibly plead his claims, the Court need not reach the issue of whether Trooper Ferguson and Officer Matchick are entitled to qualified immunity. *See Gannaway v. Karetas*, 438 F. Appx. 61, 67 (3d Cir. 2011) (stating "[a]s there was no constitutional violation, we need not engage in an analysis of qualified immunity.").